**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| _____ | : | |
| WILLIAM SMITH, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 13-6770 (RBK) (KMW) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ROBERT B. KUGLER, U.S.D.J.**

**I.      INTRODUCTION**

This matter comes before the Court upon _pro se_ plaintiff's motion for reconsideration of

the Court's November 20, 2013 Opinion and Order that administratively terminated this case due

to plaintiff's failure to pay the filing fee or submit an application to proceed _in forma pauperis_.

As plaintiff has filed a motion for reconsideration, the Clerk will be ordered to reopen this case.

For the following reasons, the motion for reconsideration will be denied.

**II.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New

Jersey.  In November, 2013, the Court received plaintiff's civil rights complaint in which

plaintiff invokes _Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics_, 403 U.S. 388

(1971).  However, before the complaint could be filed, plaintiff needed to pay the $400 filing fee

or submit a complete application to proceed _in forma pauperis_.

As plaintiff had neither paid the $400 filing fee nor submitted an application to proceed

_in forma pauperis_, the case was administratively closed on November 20, 2013.  The Court

1

instructed plaintiff that he could have his case reopened if he paid the $400 filing fee or

submitted an application to proceed *in forma pauperis*.[1]

On December 9, 2013, the Court received plaintiff's motion for reconsideration.  Plaintiff

argues in his motion for reconsideration that he has in fact paid the filing fee.

### III.    ANALYSIS

Local Civil Rule 7.1(i) allows a party to seek reconsideration by the Court of matters

which the party believes the judge has "overlooked."  *See Carney v. Pennsauken Twp. Police

Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted).  "The

standard for reargument is high and reconsideration is to be granted only sparingly."  *Yarrell v.

Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v.

Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)).  To be successful on a motion for reconsideration, a

petitioner has the burden to demonstrate:  "(1) an intervening change in the controlling law; (2)

the availability of new evidence that was not available when the court [issued its order]; or (3)

the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood

Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs

IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

Plaintiff asserts in his motion for reconsideration that he has paid the filing fee.  The

docket reflects otherwise.  Therefore, the motion for reconsideration will be denied and the Clerk

will be ordered to administratively terminate this case.

---

[1] The Court also sent plaintiff a blank form application to proceed *in forma pauperis* in a civil
rights case brought by a prisoner.

## IV.     CONCLUSION

For the following reasons, the motion for reconsideration will be denied.  An appropriate order will be entered.


DATED:  December 17, 2013

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge