**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM SMITH, | : |
| Plaintiff, | :     Civ. No. 13-6770 (RBK) (KMW) |
| v. | :     **MEMORANDUM ORDER** |
| UNITED STATES OF AMERICA, et al. | : |
| Defendants. | : |

Plaintiff is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Previously, the Court administratively terminated this case as the docket did not reflect that plaintiff had either paid the filing fee or submitted an application to proceed *in forma pauperis*.

As the Court noted in its May 16, 2014 Order, however, due to a clerical error, plaintiff paid the filing fee twice as his original filing fee was not put on the docket in this case. Therefore, the Court granted plaintiff's motion for the return of $400.00 due to this overpayment. (*See* Dkt. No. 10.) In light of plaintiff's payment of the filing fee, the Clerk will be ordered to reopen this case.

Presently pending before the Court are plaintiff's two motions for reconsideration. He argues in both motions that the Court erred in administratively terminating his case as he had sent in the applicable filing fee. These motions will be denied as unnecessary as the Court has already granted plaintiff's motion for return of his $400.00 overpayment in light of the clerical error noted in the May 16, 2014 Order, and the matter is being reopened.

1

Plaintiff brings this action against the United States of America, Robert E.

Richardson – Assistant United States Attorney for the District of Massachusetts, Martin Richie -

Federal Defenders Office Attorney of the District of Massachusetts, the Boston Police

Department, Sergeant Mary Crowley and Sergeant Darrin Greeley – investigators for the Boston

Police Department and John Scanlon – Probation Officer. His complaint focuses on the actions

of these defendants during his federal criminal proceedings that took place in the United States

District Court for the District of Massachusetts.

Typically at this point of the proceedings, the Court would review the complaint

pursuant to 28 U.S.C. § 1915A(b). That section provides that the Court reviews the complaint to

determine whether it is frivolous, malicious, fails to state a claim upon which relief can be

granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28

U.S.C. § 1915A(b). However, before conducting that screening, the Court will first address the

threshold issue of whether venue is proper in this District. *See Small v. Camden Cnty.*, 728 F.3d

265, 269-70 (3d Cir. 2013) (stating that issues of venue are threshold issues that courts must

address to determine whether litigation is being conducted in the right forum) (citations omitted);

*Am. Fin. Res., Inc. v. Money Source, Inc.*, No. 14-1651, 2014 WL 1705617, at *6 (D.N.J. Apr.

29, 2014) (noting that issues of venue are threshold issues) (citation omitted).

Section 1391(b) of Title 28 of the United States Code is the applicable venue statute and
specifically provides that:
> A civil action may be brought in –
>
> > (1) a judicial district in which any defendant
> > resides, if all defendants are residents of the State in
> > which the district is located;
> > (2) a judicial district in which a substantial part of
> > the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the
subject of the action is situated; or
(3) if there is no district in which an action may
otherwise be brought as provided in this section,
any judicial district in which any defendant is
subject to the court's personal jurisdiction with
respect to such action.

28 U.S.C. § 1391(b). Plaintiff does not state where all of the defendants reside. However, it can

be assumed that the individual defendants most likely reside in Massachusetts. Additionally, the

actions of the defendants which plaintiff seeks the Court to examine all took place in the District

of Massachusetts. Therefore, the District of Massachusetts is the proper venue for this

complaint.

A district court may *sua sponte* transfer a case to a court of proper jurisdiction when

such a transfer is in the interest of justice under 28 U.S.C. § 1406(a). *See Decker v. Dyson*, 165

F. App'x 951, 954 n. 3 (3d Cir. 2006). This Court will then transfer this action to the District of

Massachusetts for further proceedings.

Accordingly, IT IS on this 9th day of __May__, 2014,

ORDERED that the Clerk shall reopen this case and file the complaint as plaintiff

has paid the filing fee; and it is further

ORDERED that plaintiff's motions for reconsideration (Dkt. Nos. 7 & 8) are

denied; and it is further

ORDERED that the Clerk shall transfer this action to the United States District

Court for the District of Massachusetts for such further proceedings as that court may deem

appropriate; and it is further

ORDERED that no summons shall issue in this action unless so directed by the transferee

3

court; and it is further

ORDERED that the Clerk shall serve this Memorandum Order on plaintiff by regular

U.S. mail.

ROBERT B. KUGLER
United States District Judge